**BLICKENSDERFER, WILL OF, In Re.**

Probate Court, Tuscarawas County.

No. 19033.   Decided March 15, 1944.

Fisher, Limbach, Smith & Renner, New Philadelphia, for proponents.

### OPINION

By LAMNECK, J.

Wendell Walker Blickensderfer died on the 19th day of January, 1944, leaving an instrument in writing dated August 19, 1943, purporting to be his last will and testament. At the time of the execution of the instrument the deceased was in the military service of the United States, stationed at A.A.F. Station No. 234, A.P.O. 633.

The conclusion of the instrument, with its execution and attestation, appears in the following form:

"IN WITNESS WHEREOF, I have hereunto set my hand and seal this 19th day of August, A. D. 1943, at AAF Station No. 234, A.P.O. 633.

Wendell W. Blickensderfer .    (Seal)

"The foregoing instrument was signed, sealed, published and declared by the said Wendell Walker Blickensderfer as and for his last will and testament in the presence of us, who, at his request, and in his presence, and in the presence of each other, have subscribed our names as witnesses thereto on the day and year above written. We do further certify that the said last will and testament was executed by the testator freely and understandingly, and that as the time of such execution, he was o- sound mind and memory, and possessed of full testamentary capacity in our belief. We have carefully read this attestation before subscribing our names as witnesses thereto, and have full knowledge of its meaning and effect.

Steven A. Scott, 1st Lt. AC, Address Anselma, Nebr.

Carl J. Chapman, 1st Lt. AC, Address Sacramento, Calif.

Vernon E. Black, Address Madera, Calif."

The witnesses to the will are outside of the jurisdiction of the court and their whereabouts are unknown. No evidence is available to prove their signatures, nor can a commissioner take their testimony. The signature of the deceased appearing on said instrument has been proven by competent evidence.

The question arises as to whether the court can admit said instrument to probate as the last will and testament of the deceased under the circumstances.

**Section 10504-20 GC**, reads as follows:

"When a will is offered for probate, if it appears to the court that a witness thereto is gone to parts unknown; or if the witness were competent at the time of attesting its execution and afterward became incompetent, or the testimony of a witness cannot be obtained within a reasonable time, the will may be admitted to probate and allowed upon such proof as would be satisfactory, and in like manner as if such absent or incompetent witness were dead."

Under this section it is the usual practice of probate courts of Ohio to prove the signature of a witness to a will who is deceased or whose whereabouts is unknown, or whose testimony can not be obtained within a reasonable time, by two witnesses who can identify the signature of the deceased or absent witness.

Under §10504-18 GC it is provided that "the court shall cause the witnesses to the will, and such other witnesses as any person interested in having it admitted to probate desire, .

to come before the court." Under this section the proponents offered two witnesses who testified to the genuineness of the signature of the decedent appearing on said instrument.

Under §10504-22 GC, the court must admit a will to probate "if it appears that such will is duly attested and executed, and that the testator, at the time of executing it was of full age, of sound mind and memory and not under any restraint."

**Section 10504-3 GC,** reads as follows:

"Except nuncupative wills, every last will and testament shall be in writing, but may be handwritten or typewritten. Such will shall be signed at the end by the party making it or by some other person in his presence and by his express direction, and be attested and subscribed in the presence of such party, by two or more competent witnesses, who saw the testator subscribe, or heard him acknowledge his signature."

These statutes require that before a court can admit a will to probate it must find:

(1) That it was signed at the end by the maker.

(2) That it was attested and subscribed in the presence of the maker by two or more competent witnesses who saw the maker subscribe or heard him acknowledge his signature.

(3) That the maker was of full age and sound mind and memory at the time of execution.

(4) That the maker was not under any restraint at the time of execution.

While the burden of proof is on the proponents, it is sufficient for a court to probate a will if a prima facie case is made.

In this case the decedent's genuine signature appears at the end of the instrument. The attestation clause recites all requirements as to proper subscription and attestation. In the absence of testimony as to attestation and subscription, it will be presumed that the testator signed the will in the presence of the witnesses, or acknowledged his signature to them. (**Carpenter v Denoon, 29 Oh St 379.)**

Where it is not affirmatively shown that a testator labored under some legal disability, it will be presumed that a decedent had capacity to make a will and that the will was made free from restraint. **(In re Stocker, 26 O. N. P. (N. S.) 112.)** The law presumes every man to be sane until that presumption is overcome by sufficient evidence. This presumption stands in the place of evidence of that fact and makes a prima facie case

of legal responsibility. (**17 O. Jur. 102; Kennedy v Walcutt, 118 Oh St 442, 161 N. E. 336.**)

It will therefore be ordered that said instrument be admitted to probate as the last will and testament of Wendell W. Blickensderfer, deceased.